# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. RODWICH, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 15-1228 |
| v. | ) Judge Nora Barry Fischer |
| | ) |
| WILLIAM MEISEL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I. BACKGROUND

This case involves a § 1983 excessive force claim arising from a traffic stop that occurred on May 2, 2013. (Docket No. 15). Plaintiff Robert J. Rodwich, ("Plaintiff"), alleges that Officer William Meisel of the Brentwood Police Department, ("Defendant"), used excessive force against him after he was arrested for refusing a field sobriety test by roughly handcuffing and handling him in a manner that caused harm to his shoulder. (*Id.* at ¶¶ 6-8, 11). Plaintiff contends that he told Defendant during this encounter that he could not take the field sobriety test because he recently had surgery on his shoulder and that he had issues with his legs but the officer ignored his complaints. (*Id.* at ¶ 9). This incident left Plaintiff with lingering shoulder discomfort, and he sought medical treatment from his physician on October 3, 2013, at which time a magnetic resonance imaging ("MRI") test performed on his shoulder revealed "new tears, old tears re-torn" and that anchors and pins previously placed in his bones during the procedure had been "pulled out." (*Id.* at ¶¶ 14, 21-24).

Plaintiff initiated this lawsuit on September 21, 2015 by filing a motion for leave to proceed *in forma pauperis* which was granted by the Court. (Docket Nos. 1, 2). He later filed an Amended Complaint in response to an initial Rule 12(b)(6) motion to dismiss filed by Defendant

1

that was dismissed, as moot. (Docket Nos. 15, 16). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6); his Brief in Support; Plaintiff's Brief in Opposition; and Defendant 's Reply. (Docket Nos. 17, 18, 21, 25). In short, Defendant argues that this matter should be dismissed as untimely under the applicable two year statute of limitations for § 1983 claims. (Docket Nos. 18, 25). Plaintiff responds that he has pled sufficient facts to invoke the discovery rule and toll the limitations period such that he did not know of the nature and extent of his injuries until October 3, 2013, at which time he saw his physician and was provided with the MRI results and the medical causation opinion. (Docket No. 21). After careful consideration of all of the parties' arguments and for the following reasons, Defendant's Motion [17] is granted.

## II. LEGAL STANDARD

Generally, "in deciding a motion to dismiss, all well-pleaded allegations … must be taken as true and interpreted in the light most favorable to the plaintiff[…], and all inferences must be drawn in favor of [him]." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). "To withstand a Rule 12(b)(6) motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Adderly v. Stofko*, No. 15-3197, 2016 WL 1320791, at *2 (3d Cir. Apr. 5, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *which quoted Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted). However, "[t]he law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of the claim

shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation omitted). Despite this Rule, "federal courts 'may not allocate the burden of invoking the discovery rule in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense.'" *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015) (quoting *Schmidt*, 770 F.3d at 251–52). If the pleading does not reveal when the statute of limitations began to run, it may not provide a basis for dismissal under Rule 12. *Id.* (citing *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)). Yet, a plaintiff may plead himself out of court by alleging facts that are sufficient to establish the limitations defense on the face of the complaint. *Schmidt*, 770 F.3d at 252 (quoting *Hollander v. Brown*, 457 F.3d 688, 691, n.1 (7th Cir. 2006)).

## III. DISCUSSION

At the outset, the Court agrees with the parties that Pennsylvania's two year statute of limitations for personal injury claims applies to this § 1983 excessive force action. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The parties also do not contest that the lawsuit was initiated more than 2 years after the May 2, 2013 traffic stop. (Docket Nos. 18, 21, 25). The central dispute between the parties is whether the statute of limitations should be tolled based on the facts that Plaintiff learned during his October 2013 visit with his physician, five months after the alleged incident with Defendant. (*Id.*). Naturally, Defendant argues that these facts do not suffice to defeat the limitations defense while Plaintiff counters that the discovery rule should be applied to save his claim from dismissal under Rule 12(b)(6). (*Id.*). Having carefully considered these disputes, after accepting Plaintiff's allegations as true and resolving all reasonable

3

inferences in his favor, the Court finds that the discovery rule does not toll Plaintiff's § 1983 claim such that it must be dismissed as untimely.

The Court of Appeals recently articulated the relevant legal principles as follows:

> under the discovery rule the statute of limitations begins to run "when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." [*Graham Co. v. Haughey (Graham I)*, 568 F.3d 425, 433 (3d Cir. 2009) (quoting *Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 209 (3d Cir. 2008)]. A plaintiff's ignorance regarding the full extent of his injury is irrelevant to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured. *Kach v. Hose*, 589 F.3d 626, 635 (3d Cir. 2009) (statute of limitations begins to run "even though the full extent of the injury is not then known or predictable") (quoting *Wallace v. Kato*, 549 U.S. 384, 391, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391, 127 S.Ct. 1091.

*Stephens*, 796 F.3d at 288.

In this Court's estimation, these legal principles clearly establish that Plaintiff's claim, as pled, is untimely. Here, Plaintiff alleges that his Constitutional right to not be subject to excessive force was violated on May 2, 2013, through Defendant's rough handcuffing and handling of him, resulting in at least "lingering discomfort" to his shoulder. (Docket No. 15 at ¶¶ 21-24). His excessive force claim necessarily accrued on that date because he knew or should have known that Defendant's unreasonable arrest was the source of his injury. *See e.g., Brown v. Buck*, 614 F. App'x 590, 592 (3d Cir. 2015) ("Brown alleged that the officers used excessive force against him when they shot him on March 22, 2011, and his claim accrued then. Brown's complaint, which he filed over three years later, is thus untimely."). Indeed, Plaintiff was clearly alert throughout the incident and aware of what happened to him as is reflected in the detailed allegations concerning the nature and sequence of events that occurred. (*See* Docket No. 15 at ¶¶

6-14). These facts, taken as true, and viewed in the light most favorable to Plaintiff, reveal that he was aware that his legal rights had been violated and that his claim accrued on the date in question. *See Brown*, 614 F. App'x at 592.

The facts that Plaintiff later learned from his physician that the injuries to his shoulder were more severe than the initial discomfort he felt during the encounter with Defendant do not alter the analysis. (Docket No. 15 at ¶¶ 21-24). Again, the statute of limitations commences "even though the full extent of the injury is not then known or predictable," *Kach*, 589 F.3d at 635 (quotation omitted), and is not tolled when Plaintiff becomes satisfied that he was injured enough to bring a claim, *see Wallace*, 549 U.S. at 391. Thus, the statute of limitations clearly bars the excessive force claim in this case because it was initiated more than 2 years after the May 2, 2013 incident. *Cf. Finnegan v. Archdiocese of Philadelphia*, No. 3002 EDA 2014, 2015 WL 6457860, at *6 (Pa. Super. Ct. Oct. 6, 2015) ("Unlike the asbestos scenario, where the exposure to asbestos does not necessarily constitute an immediate injury, the childhood sexual abuse endured by Appellant Finnegan and Appellant Gaughan constituted actionable batteries at the time of the occurrences."); *Stephens*, 796 F.3d at 289 ("Much like a typical battery under state law, Stephens's complaint demonstrates that he was aware that his legal rights had been violated and he had suffered an injury at the time he and Clash consummated their sexual relationship, even if he did not fully appreciate all of the consequences of that violation.").

Plaintiff also suggests that it would be unfair if the limitations period is not tolled because he would supposedly need expert testimony to prove his claims at trial. (Docket No. 21). But, he cites no authority for this proposition and this Court is not aware of any such authority which clearly conflicts with the above analysis. (*Id.*). To the extent that Plaintiff is suggesting that a party's need for a certificate of merit under substantive state law should toll the limitations

5

period in this § 1983 case, he is mistaken. In this regard, under the Pennsylvania Rules of Civil Procedure, a certificate of merit is not required to be filed until 60 days *after* the filing of the complaint. *See* Pa. R. Civ. P. 1042.3(a) ("In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party."). Hence, there is no need to toll the limitations period for the purpose of obtaining a certificate of merit when the case can be filed without one. *See id.* Alternatively, the available state practice in Pennsylvania permits a plaintiff to file a praecipe of writ of summons in state court, a procedural vehicle which does toll the limitations period. *See Taylor v. GGNSC Philadelphia LP*, Civ. A. No. 14-7100, 2015 WL 5584781, at *5 (E.D. Pa. Sept. 22, 2015). After the writ is filed and served, a plaintiff can initiate pre-complaint discovery and obtain the necessary certificate of merit upon which the claims are based. *Id.*

The Court's final inquiry is whether the dismissal of Plaintiff's Amended Complaint should be with prejudice or without prejudice, granting Plaintiff leave to amend his complaint once again. Plaintiff previously exercised his right to file an amended complaint pursuant to Rule 15(a)(1)(B) but has not requested leave to amend a second time in his responsive brief nor supplied the Court with a proposed Second Amended Complaint. *See e.g., U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (quotation omitted)) (a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ...—does not constitute a motion within the contemplation of Rule 15(a)."); *McWreath v. Range Res. - Appalachia, LLC*, No. 15-1371, --- F. App'x ----, 2016 WL 1212429,

6

at *5 (3d Cir. Mar. 29, 2016) (quoting *Zizic*, 728 F.3d at 243) (additional quotation omitted) ("the failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'"). In any event, leave to amend may be denied if an amendment would be futile such as in the present situation where the claim is barred by the statute of limitations. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) (holding that district court did not abuse its discretion in denying leave to amend where additional factual allegations in plaintiff's memorandum in opposition would not have overcome the statute of limitations). Accordingly, Plaintiff's Amended Complaint will be dismissed, with prejudice.

IV. CONCLUSION

For all of these reasons, Defendant's Motion [17] is granted and Plaintiff's Amended Complaint [15] is dismissed, with prejudice. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: May 10, 2016

cc/ecf: All counsel of record.